**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| SinglePoint Direct Solar LLC, et al., | No. CV-21-01076-PHX-JAT |
| Plaintiffs, | **ORDER** |
| v. | |
| Pablo Diaz Curiel, et al., | |
| Defendants. | |

Pending before the Court is Plaintiffs' motion to seal two exhibits attached to Doc. 51 (Doc. 44), which contain passwords to Plaintiffs' online accounts. For reasons that follow, the Court will grant the motion.

**I.    LEGAL STANDARD**

The public has a general right to inspect judicial records and documents, such that a party seeking to seal a judicial record must overcome "a strong presumption in favor of access." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). To do so, the party must "articulate compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure. . . ." *Id.* at 1117–79 (internal quotation marks and citations omitted). The Court must then "conscientiously balance the competing interests of the public and the party who seeks to keep certain judicial records secret." *Id.* at 1179 (internal quotation marks omitted). "After considering these interests, if the court decides to seal certain judicial records, it must base its decision on a compelling reason and articulate the factual

basis for its ruling, without relying on hypothesis or conjecture." *Id.* (internal quotation marks omitted). The "stringent" compelling reasons standard applies to all filed motions and their attachments where the motion is "more than tangentially related to the merits of a case." *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096, 1101 (9th Cir. 2016).

## II.     DISCUSSION

Here, the Court finds that compelling reasons exist for sealing the exhibits Plaintiffs request. Indeed, the reasons for doing so should be apparent. The very nature of protecting accounts with passwords is to prevent others from accessing the information the passwords protect. The most straightforward way of preventing others from accessing this information would be to prevent the passwords from becoming publicly available.

Including a list of passwords to company accounts in a public court filing would seem to accomplish the opposite, and in this case, for no reason. Whether Defendants disclosed the passwords to Plaintiff may be relevant to the Court's consideration of the issues in this case, but the Court is at a loss as to why including *specific passwords* to *specific accounts* in an unredacted attachment to a motion could have any conceivable importance.

Accordingly, on balance, the Court finds that public disclosure of this information would cause harm to Plaintiffs that outweighs the policy in favor of public disclosure.

## III.     CONCLUSION

For the foregoing reasons,

**IT IS ORDERED** that is Plaintiffs' motion to seal (Doc. 53) is **GRANTED**. The Clerk of Court shall file under seal Defendants' Exhibits B and C (currently lodged at Doc. 54). The Clerk of Court shall also seal Doc. 51.

///

///

///

///

**IT IS FURTHER ORDERED** that Defendants shall re-file their response Plaintiffs' motion for an amended TRO and motion to dismiss (Doc. 51) unsealed, but with the passwords listed in Exhibits B and C redacted within one day of this Order.

Dated this 20th day of July, 2021.

James A. Teilborg
Senior United States District Judge