**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

SinglePoint Direct Solar LLC, et al.,

             Plaintiffs/Counterdefendants,

v.

Pablo Diaz Curiel, et al.,

             Defendants/Counterclaimants.

CV-21-01076-PHX-JAT (Lead)
CV-21-00989-PHX-JAT (Cons)

**ORDER**

Pending before this Court is Defendants/Counterclaimants' Motion for Leave to File Second Amended Countercomplaint. (Doc. 158). The Motion is fully briefed, (Doc. 158, 159, 160), and the Court now rules.

## I.    BACKGROUND

On June 21, 2021, Plaintiffs filed the present action against Defendants Pablo Diaz, Kjelsey Johnson, and Brian Odle, claiming trademark infringement, breach of the asset purchase agreement, breach of Diaz's employment agreement, breach of the implied covenant of good faith and fair dealing, breach of fiduciary duty, unfair competition, state and federal trade secret misappropriation, intentional interference with contract, conversion, and unjust enrichment. (Doc. 1 at 20–21). Plaintiffs subsequently filed a First Amended Complaint where they added additional defendants and a Second Amended Complaint where they added additional claims. (Doc. 37, 90).

On September 11, 2021, Defendants filed their complaint from another case as a Counterclaim, alleging securities fraud, breach of fiduciary duty, multiple breaches of

contract, tortious interference of contract, breach of covenant of good faith and fair dealing, breach of Diaz's employment agreement, violation of state and federal whistleblower statutes, acts of civil conspiracy, aiding and abetting criminal conduct, various fraud claims, and violations of RICO. (Doc. 100 at 1); *see SinglePoint Direct Solar, LLC et al. v. SinglePoint, Inc. et al.*, CV-21-00989-PHX-SMB, Doc. 1. Defendants subsequently filed their First Amended Counterclaim which added Counterdefendants and Counterclaims. (Doc. 110).

As set by the Rule 16 scheduling conference, any motion to amend the Complaint was due by November 22, 2021. (Doc. 122 at 1). On May 31, 2022, six months after the Rule 16 deadline, Defendants filed a Motion for Leave to File a Second Amended Counterclaim to include wage and employment-related claims of defendants Christina Berume, Jessica Hernandez, and Kjelsey Johnson. (Doc. 158).

## II.   DISCUSSION

Generally, Rule 15(a) governs a motion to amend pleadings to add claims or parties. But because Defendants filed their motion after the scheduling order's deadline for amended pleadings, an additional showing of "good cause" is required. Fed. R. Civ. P. 16(b)(4); *Johnson v. Mammoth Recreation, Inc.*, 975 F.2d 604, 607–08 (9th Cir. 1992). With respect to the interplay between Rules 16 and 15(a), a party "must first show good cause" under Rule 16 and then "must demonstrate that amendment was proper under Rule 15." *Id.* at 608; *see also Jackson v. Laureate, Inc.*, 186 F.R.D. 605, 607 (E.D. Cal. 1999); *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1419 (11th Cir. 1998) ("If [the court] considered only Rule 15(a) without regard to Rule 16(b), [it] would render scheduling orders meaningless and effectively would read Rule 16(b) and its good cause requirement out of the Federal Rules of Civil Procedure.").

Rule 16(b)'s "good cause" standard primarily considers the diligence of the party seeking the amendment. *Johnson*, 975 F.2d at 609. In determining a party's diligence, a court may consider:

(1) that [the movant] was diligent in assisting the Court in creating a workable Rule 16 order; (2) that [the movant's] noncompliance with a Rule

16 deadline occurred or will occur, notwithstanding [the movant's] diligent efforts to comply, because of the development of matters which could not have been reasonably foreseen or anticipated at the time of the Rule 16 scheduling conference; and (3) that [the movant] was diligent in seeking amendment of the Rule 16 order, once it became apparent that [the movant] could not comply with the order.

*Jackson*, 186 F.R.D. at 608 (citations omitted). Although the court "may modify the pretrial schedule 'if it cannot reasonably be met despite the diligence of the party seeking the extension,'" "carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief." *Johnson*, 975 F.2d at 609. In seeking leave to modify the Rule 16 Order to allow amendment, Defendants have the burden of establishing good cause within the meaning of that Rule. *Morgal v. Maricopa Cnty. Bd. of Sup'rs*, 284 F.R.D. 452, 460 (D. Ariz. 2012).

Here, Defendants did not analyze whether good cause existed in their Motion; instead, they focused almost exclusively upon untimeliness, prejudice, and bad faith—factors typically considered when deciding the propriety of allowing amendment under Rule 15(a). *Id* at 460 n.5. And despite Plaintiffs raising the issue that the deadline to amend had passed, (Doc. 159 at 1), Defendants did not address the Rule 16 standard in their Reply.

Although Defendants do not focus on whether good cause exists, that does not necessarily preclude a finding that they acted diligently with respect to the good cause inquiry. As to the first step, there is nothing to suggest that Defendants were not "diligent in assisting the Court in creating a workable Rule 16 order." *See Jackson*, 186 F.R.D. at 608. Defendants participated in the Rule 16 scheduling conference as well as filed a stipulated motion to modify the scheduling order. (Doc. 155).

Defendants' good cause showing falters at the second step of the inquiry. Defendants have not shown that noncompliance occurred "because of the development of matters which could not have been reasonably foreseen or anticipated at the time of the Rule 16 scheduling conference." *Id.*

Defendants argue that the wage and employment-related claims arose from discovery which means they could not have brought them sooner. (Doc. 158 at 5).

- 3 -

1   Plaintiffs, in turn, argue that Defendants "have offered no compelling explanation as to
2   why they waited a full year to attempt to assert these New Wage Claims." (Doc. 159 at 4).
3   Plaintiffs further argue that Defendants would have "known upon their resignation from
4   SDS if they had earned wages or commissions that were not paid" and that Defendants'
5   claims accrued upon their departure in June 2021. (Doc. 159 at 4).

6        Defendants have not proffered any evidence showing when they discovered that
7   these new claims were ripe or what specific discovery request led to this realization. The
8   Court is also sympathetic to Plaintiffs' argument that Defendants would have known if they
9   were owed unpaid wages—or at least have the evidence to know about the claims. Thus,
10  the Court finds that Defendants have not demonstrated the requisite "good cause" to modify
11  the Scheduling Order to extend the time for seeking leave to amend the pleadings.
12  Accordingly, the Court does not need to consider whether Defendants showed that justice
13  requires amendment under Rule 15(a).

**III.   CONCLUSION**

        Based on the foregoing,

        **IT IS ORDERED** that Defendants' Motion for Leave to File Second Amended
Countercomplaint (Doc. 158) is **DENIED**.

        Dated this 16th day of August, 2022.

James A. Teilborg
Senior United States District Judge