WO

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| SinglePoint Direct Solar, LLC; and SinglePoint, Inc., <br><br> Plaintiffs, <br><br> v. <br><br> Pablo Diaz Curiel; Kjelsey Johnson; Brian Odle; Solar Integrated Roofing Corporation; USA Solar Network, LLC; David Massey; Elijah Chaffino; Christina Berume; and Jessica Hernandez, <br><br> Defendants. | No. CV-21-01076-PHX-JAT (Lead) <br> No. CV-21-00989-PHX-JAT (Cons.) <br><br> **ORDER** |
| AND RELATED COUNTERCLAIM. | |

Pending before the Court is a joint motion to extend the remaining Rule 16 deadlines (Doc. 177), which the parties have conceded is in fact a motion to reconsider (*id.* at 2) the Court's August 31, 2022 order extending deadlines which specifically stated: "there will be NO FURTHER EXTENSIONS of the dispositive motion deadline." (Doc. 166). Preliminarily Court finds that as a motion to reconsider, the parties' request is untimely because motions to reconsider are due within 14 days of the order they seek to have reconsidered. LR Civ. 7.2(g).

Alternatively, the joint motion fails on the merits. As the parties correctly note, to show good cause to extend the Rule 16 deadlines, one element they must meet is "that [the movant] was diligent in seeking amendment of the Rule 16 [O]rder, once it became apparent that [the movant] could not comply with the [O]rder." (Doc. 177 at 4 (quoting *Jackson v. Laureate, Inc.*, 186 F.R.D. 605, 608 (E.D. Cal. 1999)). Here, the parties' reason for seeking a fifth extension

1  of the Rule 16 deadlines (previous extensions were granted at Docs. 139, 151, 157 and 166) is
2  that they chose to not engage in any discovery while a motion to disqualify counsel was
3  pending. However, the motion to disqualify was filed September 26, 2022, and ruled on
4  December 5, 2022, yet this joint motion to extend deadlines was not filed until December 13,
5  2022. The parties must have known that they were squandering the entire August 2022
6  extension by electing (without moving to stay or otherwise informing the Court) to not engage
7  in any discovery for the 70 days the motion to disqualify was pending. Yet they did not file
8  this joint motion until 78 days after the motion to disqualify was filed.

9  Moreover, the response to the motion to disqualify dismissed the substance of the
10 motion as a mere "litigation tactic". (Doc. 172 at 18). The Court finds no cause as to why the
11 counsel that made that argument would have agreed (without Court approval) to forego all
12 discovery during the pendency of the motion. Further, the parties' premise–that anyone can
13 file a motion to disqualify counsel and immediately have a stay of the case–is not legally
14 supported. Such a system would allow parties (exactly like these parties) to fail to diligently
15 pursue discovery and then claim a need for an extension of deadlines that the Court has
16 specifically said it will not grant, purely as a result of their own "litigation tactics". Any stay
17 must be granted by the Court, and none was granted in this case. Additionally, there was no
18 reason why Plaintiff could not have proceeded with discovery with all Defendants while
19 Plaintiff took no position on the motion to disqualify among defense counsel. In other words,
20 had the parties requested a stay, it would have been denied.

21 Additionally, as the parties correctly state, another element to showing good cause to
22 extend the Rule 16 deadlines is, "[the movant's] noncompliance with a Rule 16 deadline
23 occurred or will occur, notwithstanding [the movant's] diligent efforts to comply, because of
24 the development of matters which could not have been reasonably foreseen or anticipated at
25 the time of the Rule 16 scheduling conference…." (Doc. 177 at 4 (quoting *Jackson v. Laureate,*
26 *Inc.*, 186 F.R.D. 605, 608 (E.D. Cal. 1999)). In the order granting a fourth request for extension
27 of time, this Court stated:

28 The Court is very concerned that although the parties have known about

> the need to establish an ESI protocol since they filed their joint proposed case management plan (Doc. 108 at 4-6) and have already received one extension of these deadlines specifically related to ESI (Doc. 155), they nonetheless still have not started their ESI discovery (Doc. 165 at 2). The parties' failure to allot adequate time to engage in ESI discovery within the one and one-half years between the Rule 16 conference and the discovery deadline will NOT be a basis for any further extensions.

(Doc. 166 n.2). Yet, this joint motion for a fifth extension of the Rule 16 deadlines indicates that the parties still have not agreed to ESI search terms, much less actually started ESI discovery. (Doc. 177 at 3). Frankly, the Court is stunned that the parties both failed to heed all of the Court's warnings about the need to move diligently to finish discovery, and that the parties have known, since at least October 8, 2021,[1] that they seek to engage in significant ESI discovery, yet they have not even *started* such discovery. The need to engage in ESI discovery was obviously known at the time of the Rule 16 conference, and the state of this record shows absolutely no diligence by the parties in attempting to comply with the deadlines in the original Rule 16 order or any of four extensions.

Thus, the parties having failed two of the three prongs in *Jackson*, the joint motion will be denied. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992) ("the focus of the inquiry is upon the moving party's reasons for seeking modification. If that party was not diligent, the inquiry should end.").

Finally, none of the foregoing can be a surprise to the parties. The Court advised them of this two-year deadline for dispositive motions in its June 28, 2021 order, in bold. (Doc. 21 at 2). Then, at the Rule 16 conference, the Court explained to the parties the deadlines from the Civil Justice Reform Act (*see* 28 U.S.C. § 476) and reiterated this two-year deadline for dispositive motions. (Doc. 121). Then, in the August 31, 2022 order, the Court for a third time reiterated this deadline with both force and urgency. (Doc. 166 at 2 ("as the Court stated at the Scheduling Conference on October 20, 2021, the Court will not grant extensions of the

---

[1] This is the date the case management plan was filed by the parties detailing the anticipated ESI discovery. (Doc. 108). However, the Court uses "at least" because this case began with the filing of a TRO specifically dealing with ESI issues. This Court issued multiple orders in the first three weeks of this case dealing with control of various forms of ESI. Thus, the parties have known, since the day the complaint was filed, that significant ESI was going to be involved in this case.

- 3 -

dispositive motion deadline beyond the two-year anniversary of the case being filed. This case was filed June 21, 2021. Accordingly, there will be NO FURTHER EXTENSIONS of the dispositive motion deadline.")). Thus, the Court finds there can be no prejudice to the parties, including Plaintiff, when they have been well aware of these deadlines and simply chose not to diligently engage in discovery from the outset of this case, including while the disqualification motion was pending.

Accordingly,

**IT IS ORDERED** that joint motion (fifth) to extend unexpired Rule 16 deadlines (Doc. 177) is denied.

Dated this 15th day of December, 2022.

James A. Teilborg
Senior United States District Judge