**Marquis Aurbach**
Cody S. Mounteer, Esq. *(admitted, pro hac vice)*
Nevada Bar No. 11220
Alexander K. Calaway, Esq. *(admitted, pro hac vice)*
Nevada Bar No. 15188
10001 Park Run Drive
Las Vegas, Nevada 89145
Telephone: (702) 382-0711
Facsimile: (702) 382-5816
cmounteer@maclaw.com
acalaway@maclaw.com
*Attorneys for Defendants Solar Integrated*
*Roofing Corp. and USA Solar Network LLC*

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| SinglePoint Direct Solar, LLC; and SinglePoint, Inc.,<br><br>                 Plaintiffs,<br><br>vs.<br><br>Solar Integrated Roofing Corporation; and USA Solar Network, LLC<br><br>                 Defendants. | Case Number:  2:21-cv-01076-JAT<br><br>Consolidated with:<br>2:21-cv-00989-MSB<br><br>**JOINT DISCOVERY DISPUTE MOTION REGARDING ESI DISCOVERY**<br><br>**\*\*\*Oral Argument Requested\*\*\*** |

The parties submit their Joint Discovery Dispute Motion Regarding ESI Discovery ("Joint Motion") because they are at an impasse on whether Plaintiffs must perform additional searches using Defendants' search terms and produce the electronically stored information ("ESI") identified in the search results. Pursuant to LRCiv 7.2(j), undersigned counsel certify that after personal consultation and sincere efforts to do so, via telephone conference on March 1, 2023, and no less than five telephone conferences which preceded that, counsel have been unable to satisfactorily resolve the matter.

**A.    BACKGROUND**

This case relates to Plaintiffs' allegations that Defendants stole data, trade secrets and customer information relating to certain business acquisitions. Doc. 90. They have asserted 8 claims for relief against the remaining Defendants and have alleged more than $16 million in damages, not including what they allege to be continuing damages,

MAC:16632-001 5017181_3

1    attorneys' fees, and costs.

2           On March 25, 2022, the Parties entered into a stipulation regarding the protocol for

3    the collection and production of ESI and to facilitate identification and production of ESI

4    ("ESI Protocol"). Doc. 144. Pursuant to the ESI Protocol, the Parties made available, to

5    Holo Discovery, all electronic media and devices "that were used at any time to conduct

6    business on behalf of, or otherwise contain information relating to claims and defenses

7    asserted by the Parties in the Action."  Doc. 144 at 10. In or about July 2022, the Parties

8    exchanged "ESI search terms" to be given to Holo for ESI production. On September 26,

9    2022, Plaintiffs objected to Defendants' ESI search terms, the vast majority of which were

10   simply as follows: "relevance; overbroad." Thereafter, Plaintiffs made additional

11   objections to the ESI search terms, and requested they be narrowed.

12          On December 21, 2022, the parties finally agreed to submit their respective ESI

13   search terms to Holo. Defendants produced their ESI responsive to Plaintiffs' ESI search

14   terms on March, 4, 2023. Specifically, Defendants produced 155,296 ESI documents

15   responsive to Plaintiffs' ESI search terms (this number reflects the amount of ESI

16   documents, not pages). Conversely, Plaintiffs have withheld ESI responsive to Defendants'

17   ESI search terms on the basis that the terms were overly broad and should have additional

18   connectors to narrow the scope of ESI production.

19          In support, Plaintiffs point to a February 8, 2023 search term report generated by

20   Holo that resulted in 174.73 GB of ESI, and after de-duplication, 409,988 ESI documents

21   (documents and not pages). This search report has resulted in a new wave of objections by

22   Plaintiffs. By way of example, Plaintiffs have objected to the search term "acquisition" on

23   the basis that the term is not relevant to the case. On February 28, 2023, the parties met and

24   conferred for more than two (2) hours via telephone and discussed each of the 28 ESI

25   search terms being objected by Plaintiffs on the search term report. On March 3, 2023,

26   Plaintiffs made the following objection to each of these 28 ESI search terms in dispute:

27          Without limiting terms, this search term is impermissibly overbroad. The
             potential relevance of documents idenfified [sic] using this search term is
28           outweighed by undue burden, and is not proportional to the needs of the case,

considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. See Fed.R.Civ.P. 26(b)1) [sic] [.]

Plaintiffs are withholding a total of 287,381 of the 409,988 documents being requested by Defendants based upon this March 3, 2023 objection above. Accordingly, Defendants move to compel **287,381** documents; and Plaintiffs counter for a protective order limiting production to only **122,607** ESI documents.

## B.    ARGUMENT

Defendants argue that Plaintiffs waived all objections that were not initially asserted in Plaintiffs' first response to Defendants' provision of terms, and Plaintiffs' boilerplate objections are insufficient. Even if the late, boilerplate objections are entertained, Defendants' terms all relate to unequivocally relevant and discoverable ESI, so Defendants seek to compel Plaintiffs' cooperation and production. For instance, many of the search terms being objected to by Plaintiffs, such as the word "acquisition," Plaintiffs have utilized throughout their own Complaint. *See e.g.,* Doc. 90 at pgs. 3, 16, 25 (using the term "acquisition"). Thus, Defendants request the 287,381 documents be produced.

Plaintiffs counter that the requests at issue involve overly vague search terms, producing 409,988, which is not proportional to the needs of the case and will result in a significant expense and burden on the Plaintiffs. Plaintiffs have already stipulated to review and produce 122,607 documents and maintain that these requests are unreasonable. They now seek a protective order, largely based on the expense associated with the time they believe will be necessary to review, redact, and produce non-privileged records. Therefore, they ask that this Court issue a protective order limiting Defendants to the ESI stipulated to, or, alternatively, order Defendants to pay for all costs of production and review, including attorney's fees costs for the production according to FRCP 26(c)(1)(A), (D).

Defendants respond that the expense in reviewing responsive documents will already have to be borne by both sides, who will both have to review, but is proportional in a complex case with more than $16 million in alleged damages.

MAC:16632-001 5017181_3

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### C.    THE PARTIES SEEK ATTORNEYS' FEES.

Pursuant to 28 U.S.C. § 1927 and FRCP 37(a)(5), both Plaintiffs and Defendants seek to recover their attorneys' fees incurred in being forced to seek the Court's intervention to resolve an issue that they submit is not subject to reasonable debate.

The parties request an opportunity to provide supplemental briefing and estimate that a hearing on this matter will take approximately 30–60 minutes and propose the following as dates of their collective availability: March 22 or March 29, 2023. All of these dates are consistent with the Court's Wednesday law and motion calendar. Doc. 122 at 3.

RESPECTFULLY SUBMITTED this 13th day of March, 2023.

**MARQUIS AURBACH**

By: */s/ Alexander K. Calaway*
     Cody S. Mounteer, Esq.
     (admitted, pro hac vice)
     Nevada Bar No. 11220
     Alexander K. Calaway, Esq.
     (admitted, pro hac vice)
     Nevada Bar No. 15188
     10001 Park Run Drive
     Las Vegas, Nevada 89145
     *Attorneys for Defendants Solar*
     *Integrated Roofing Corp. and USA*
     *Solar Network, LLC*

**GORDON REES SCULLY MANSUKHANI**

By: */s/ Kira N. Barrett*
     Kendra Canape
     (admitted pro hac vice)
     California Bar No. 259641
     Kira N. Barrett (SBN:  029778)
     Mary M. Curtin (SBN: 031973)
     Two North Central Avenue, # 2200
     Phoenix, AZ 85004
     *Attorneys for Plaintiffs*

MAC:16632-001 5017181_3

1

## CERTIFICATE OF SERVICE

2        I hereby certify that I electronically filed the foregoing **JOINT DISCOVERY**

3   **DISPUTE MOTION REGARDING ESI DISCOVERY** with the Clerk of the Court for

4   the United States District Court by using the court's CM/ECF system on the 13th day of

5   March, 2023.

6       ☒    I further certify that all participants in the case are registered CM/ECF users

7   and that service will be accomplished by the CM/ECF system.

8

9

10

11                    */s/ C. Hatfield*
                     An employee of Marquis Aurbach

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MAC:16632-001 5017181_3