**Marquis Aurbach**
Cody S. Mounteer, Esq. *(admitted, pro hac vice)*
Nevada Bar No. 11220
Alexander K. Calaway, Esq. *(admitted, pro hac vice)*
Nevada Bar No. 15188
10001 Park Run Drive
Las Vegas, Nevada 89145
Telephone: (702) 382-0711
Facsimile: (702) 382-5816
cmounteer@maclaw.com
acalaway@maclaw.com
*Attorneys for Defendants Solar Integrated Roofing Corp. and USA Solar Network LLC*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| SinglePoint Direct Solar, LLC; and SinglePoint, Inc.,<br><br>                  Plaintiffs,<br><br>vs.<br><br>Solar Integrated Roofing Corporation; and USA Solar Network, LLC;<br><br>                  Defendants. | Case Number: 2:21-cv-01076-JAT<br><br>Consolidated with:<br>2:21-cv-00989-MSB<br><br>**[PROPOSED] ORDER** |

Before this Court is the parties' Joint Discovery Dispute Motion ("Joint Motion") regarding discovery of electronically stored information ("ESI") sought by Defendants Solar Integrated Roofing Corporation ("SIRC") and USA Solar Network, LLC ("USASN," and with SIRC, "Defendants") and in the possession of Plaintiffs SinglePoint Direct Solar, LLC ("SDS") and SinglePoint, Inc. ("SinglePoint," and with SDS, "Plaintiffs"). Doc. 186. For the reasons that follow, the Court resolves the dispute in favor of Defendants.

**I.    BACKGROUND**

This case relates to Plaintiffs' allegations that Defendants and the counterclaimants sought to, and did in fact, work together to "gut SDS" of data, trade secrets, and customer information, and to divert those assets to SIRC. Doc. 90 at 10–13. Plaintiffs further allege misappropriation of SDS property and false advertising and interference with SDS's existing and prospective business opportunities. *Id.*

They have alleged more than $16 million in damages, not including what they allege to be continuing damages, attorneys' fees, and costs based on 13 claims for relief, eight of which relate to the remaining Defendants: (1) cause of action ("COA") No. 1, Lanham Act Violation (15 U.S.C. § 1125(a))–SDS against all Defendants; (2) COA No. 2, Misappropriation of Trade Secrets in violation of the Defend Trade Secrets Act, 18 U.S.C. § 1836 et seq. – SDS against all Defendants; (3) COA No. 7, Unfair Competition – SDS against all Defendants; (4) COA No. 8, Violation of Arizona Uniform Trade Secrets Act (A.R.S. § 44-401 et seq.) – Plaintiffs against all Defendants; (5) COA No. 9, Intentional Interference with Contract/Business Expectancy – SDS against all Defendants; (6) COA No. 10, Conversion – SDS against all Defendants; (7) COA No. 11, Unjust Enrichment – Plaintiffs against all Defendants; and, (8) COA No. 12, Copyright Infringement (17 U.S.C. § 501) – Plaintiffs against USASN.

On October 8, 2021, the parties filed their Joint Proposed Case Management Plan (Doc. 108). As set forth in the Joint Proposed Case Management Plan, the parties recognized that a "significant amount of electronically stored information (ESI) will be requested and produced in this case." Doc. 108 at 4. The parties' Joint Proposed Case Management Plan also provided that the parties had agreed to work in good faith to develop a protocol that addressed, among other things: (1) the "production of hardware and devices such as computers, mobile phones, external hard drives, and the like so that they can be inspected and analyzed;" and (2) the "method of collection, preservation, and analysis of ESI, in particular, the preservation and restoration of ESI housed on the electronic media obtained from parties and non-parties[.]" Doc. 108, at 5.

On March 25, 2022, the Parties entered into a Stipulation Re Protocol for the Collection and Production of [ESI] [Doc. 144] ("ESI Protocol") to facilitate identification and production of ESI. Pursuant to the ESI Protocol, the Parties made available, to Holo Discovery ("HOLO"), all electronic media and devices "that were used at any time to conduct business on behalf of, or otherwise contain information relating to claims and

MAC:16632-001 5019559_1

defenses asserted by the Parties in the Action." Doc. 144 at 10. 4. The Stipulated ESI Protocol also provided that:

> [T]he Party requesting electronic media and devices must provide the scope of the request to [HOLO] and to the Disclosing Party, and provide the Disclosing Party with a reasonable opportunity (no less than 14 days) to object to the scope of the request."

*Id.* at 11.

On April 12, 2022 and April 22, 2022, the parties served written discovery requests on each other. These requests included Defendants' requests to inspect ESI in the possession of both Plaintiffs. In or about July 2022, the Parties exchanged "ESI search terms" to be given to Holo for ESI production. On September 26, 2022, Plaintiffs delivered their first objections to Defendants' ESI search terms, the vast majority of which were simply as follows: "relevance; overbroad." Thereafter, Plaintiffs made additional objections to the ESI search terms, and requested they be narrowed.

On December 21, 2022, the parties finally agreed to submit their respective ESI search terms to Holo. Defendants produced their ESI responsive to Plaintiffs' ESI search terms on March, 4, 2023. Specifically, Defendants produced 155,296 ESI documents responsive to Plaintiffs' ESI search terms (this number reflects the amount of ESI documents, not pages). Conversely, Plaintiffs have withheld ESI responsive to Defendants' ESI search terms on the basis that the terms were overly broad and should have additional connectors to narrow the scope of ESI production.

On January 9, 2023, rather than disclosing the ESI retrieved from running Defendants' ESI search terms, Plaintiffs sent additional objections to Defendants' ESI search terms. Defendants responded on January 13, 2023, and agreed to narrow and revise its ESI search. On January 17, 2023, Defendants provided Plaintiffs with 72-hour notice of their intent to submit a joint discovery dispute motion to the Court. On January 25, 2023, after another meet and confer among counsel, Plaintiffs agreed to submit Defendants' ESI search terms to Holo again.

In support, Plaintiffs point to a February 8, 2023, search term report generated by Holo that resulted in 174.73 GB of ESI, and after de-duplication, 409,988 ESI documents (documents, and not pages). This search report has resulted in a new wave of objections by Plaintiffs. By way of example, Plaintiffs have objected to the search term "acquisition" on the basis that the term is not relevant to the case. On February 28, 2023, the parties met and conferred for more than two (2) hours via telephone and discussed each of the 28 ESI search terms being objected by Plaintiffs on the search term report. On March 3, 2023, Plaintiffs made the following objection to each of these 28 ESI search terms in dispute:

> Without limiting terms, this search term is impermissibly overbroad. The potential relevance of documents idenfified [sic] using this search term is outweighed by undue burden, and is not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. See Fed.R.Civ.P. 26(b)1) [sic] [.]

This objection was lodged by Plaintiffs in response to the following search terms, the search results from which are indicated in parentheses:

1. "acquisition" (25,134);
2. "sale" AND "Lambrecht"[1] (5,805);
3. "customer" AND "list" (24,677);
4. "shares" AND "transfer" (8,703);
5. "stock" AND "transfer" (10,759);
6. "appraisal" (1,237);
7. "valuation" (9,511);
8. "consideration" AND "assets" (6,385);
9. "transfer" (36,263);
10. "confidential information" (12,251);
11. "customer" AND "information" (46,362);

---

[1] Lambrecht is a former Manager of SinglePoint. Doc. 90 at ¶ 30.

MAC:16632-001 5019559_1

12. "contractor" AND "information" (11,665);

13. "market" AND "price" (28,552);

14. "value" (66,809);

15. "s1" (3,890);

16. "s-1" (8,274);

17. "audit" (13,621);

18. "solar" AND "customer" (44,238);

19. "CEO" AND "assets" (8,297);

20. "CFO" AND "assets" (3,152);

21. "retail" AND "solar" (6,302);

22. "invoice" AND "contract" (5,773);

23. "investor" AND "relations" (6,913);

24. "data" AND "Diaz"[2] (3,340);

25. "solar energy" AND "customer" (19,480);

26. "dealer" AND "solar" (19,472);

27. "school" AND "solar" (7,346); and,

28. "SEC" AND "Lambrecht" (6,359).

Plaintiffs are withholding a total of 287,381 of the 409,988 documents being requested by Defendants based upon this March 3, 2023 objection above. Accordingly, Defendants move to compel **287,381** documents; Plaintiffs counter for a protective order limiting production to only **122,607** ESI documents.

On March 7, 2023, Defendants provided Plaintiffs with 72-hour notice of their intent to submit a joint discovery dispute motion to the Court. The Joint Motion was filed on March 10, 2023. Doc. 186.

---

[2] Diaz is a former defendant in this action and a former CEO of SDS. Doc. 90 at 5.

## II.    **LEGAL STANDARD**

Parties in civil cases may obtain discovery "regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case. … " Fed. R. Civ. P. 26(b)(1). Relevance for the purpose of discovery "is defined very broadly." *Garneau v. City of Seattle*, 147 F.3d 802, 812 (9th Cir. 1998). "A party need not provide discovery of electronically stored information from sources that the party identifies as not reasonably accessible because of undue burden or cost." Fed. R. Civ. P. 26(b)(2)(B); *see also In re Bard IVC Filters Prod. Liab. Litig.*, 317 F.R.D. 562, 564 (D. Ariz. 2016) (concluding that relevancy alone is no longer sufficient when the expense of searching ESI from custodians is not proportional to the needs of the case).

"The party seeking to compel discovery has the burden of establishing that its request satisfies the relevancy requirements of Rule 26(b)(1). Thereafter, the party opposing discovery has the burden of showing that the discovery should be prohibited, and the burden of clarifying, explaining or supporting its objections." *Bryant v. Ochoa*, 2009 WL 1390794 at *1 (S.D. Cal. May 14, 2009).

Of course, "[i]t is well established that a failure to object to discovery requests within the time required constitutes a waiver of any objection." *Richmark Corp. v. Timber Falling Consultants*, 959 F.2d 1468, 1473 (9th Cir. 1992) (citation omitted). Furthermore, "boilerplate objections are presumptively insufficient." *Burlington N. & Santa Fe Ry. Co. v. U.S. Dist. Ct. for Dist. of Mont.*, 408 F.3d 1142, 1149 (9th Cir. 2005); *see also Pinson v. United States*, No. CV-20-00070-TUC-RM, 2022 WL 1122176, at *3 (D. Ariz. Apr. 14, 2022) ("If objection is made, the grounds and reasons for the objection must be stated 'with specificity.'") (citing Fed. R. Civ. P. 34(b)(2)(A)); *Pellerin v. Wagner*, No. 2:14-CV-02318 JWS, 2016 WL 950792, at *1 (D. Ariz. Mar. 14, 2016) ("Boilerplate, generalized objections are inadequate and tantamount to not making any objection at all.") (footnote reference omitted).

## III. DISCUSSION

### A. DISCOVERY DISPUTE

Plaintiffs contend that Defendants' discovery requests at issue and the corresponding ESI search terms are overly vague and burdensome and are excessive in that the search terms will yield search results totaling 174.73 GB of data and 409,988 documents of varying page lengths. As such, Plaintiffs aver that Defendants' requests are unreasonable. According to Plaintiffs, they already stipulated to review 122,607 documents for production, which they contend is reasonable and proportional to the needs of this case. Consequently, they ask this Court for a Protective Order limiting discovery only to the documents stipulated to, or requiring Defendants to pay for the ESI searches and attorney review hours. Plaintiffs further seek to recover their attorneys' fees pursuant to 28 U.S.C. § 1927 and Fed. R. Civ. P. 37(a)(5)(B).

Defendants respond with three counterarguments. First, Defendants argue that many of the objections now lodged by Plaintiffs were not timely made and were, therefore, waived. Second, Defendants aver that Plaintiffs' boilerplate objections are insufficient under Ninth Circuit precedential authority. Third, they argue that, even if Plaintiffs' objections are entertained by the Court, the requests and resultant search results are proportional to the needs of the case given that Plaintiffs have asserted 13 claims for relief and have alleged more than $16 million in damages, not including what Plaintiffs submit are continuing damages, attorneys' fees, and costs of suit. Defendants also seek to recover their attorneys' fees pursuant to 28 U.S.C. § 1927 and Fed. R. Civ. P. 37(a)(5)(A).

#### 1. Defendants' Requests Are Proportional to the Needs of the Case.

Plaintiffs have asserted claims relating to the alleged harm their businesses suffered as a result of certain transfers of trade secret information, including customer lists, and other assets relevant to the solar energy industry. The Court finds that all of the search terms currently in dispute are directly related to the dispute as alleged in Plaintiffs' Second Amended Complaint (Doc. 90). Defendants seek to identify and review documents relating

to the wrongdoing with which they are alleged to have been involved and the financial impact that any conduct by them, wrongful or otherwise, has caused.

This case is complex, with the amount in controversy in excess of $16 million as alleged by Plaintiffs, and is founded upon Plaintiffs' allegations that certain acquisitions of business assets, for valuable consideration, constituted misappropriation of trade secrets under state and federal law, and caused substantial harm to Defendants. Moreover, the documents appear to be exclusively within Plaintiffs' control such that Defendants have no other means of accessing the same. The Court, therefore, finds that the 28 terms and 287,381 documents returned in the search results, which Defendants seek to compel, are proportional to the needs of the case in light of the considerations set forth in Rule 26.

Because the Court finds that the requests and search results are proportional to the needs of the case, "considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit," it need not consider whether Plaintiffs waived its objections not asserted in their first response to Defendants' search terms.

### 2. **The Parties' Request for Attorneys' Fees**

Fed. R. Civ. P. 37(a)(3)(B)(iv) allows a party to "move for an order compelling an answer, designation, production, or inspection. This motion may be made if … a party fails to produce documents or fails to respond that inspection will be permitted—or fails to permit inspection—as requested under Rule 34." If a motion to compel is granted, "the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A).

If a motion to compel is denied, this Court "may issue any protective order authorized under Rule 26(c) and must, after giving an opportunity to be heard, require the

movant, the attorney filing the motion, or both to pay the party or deponent who opposed the motion its reasonable expenses incurred in opposing the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(B). "If the motion is granted in part and denied in part, the court may issue any protective order authorized under Rule 26(c) and may, after giving an opportunity to be heard, apportion the reasonable expenses for the motion." Fed. R. Civ. P. 37(a)(5)(C).

For the reasons discussed above, the Court finds that Plaintiffs' boilerplate objections are objectively unreasonable and were made without substantial justification. In light of this discovery violation, the court will order Plaintiffs and their counsel to share, in equal proportions, in payment of Defendants' reasonable attorneys' fees and costs that Defendants incurred in challenging these objections and compelling Plaintiffs' cooperation with the discovery process.

Dated this _____ day of _____, 2023.

_____
UNITED STATES MAGISTRATE JUDGE

MAC:16632-001 5019559_1