**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| SinglePoint Direct Solar LLC and SinglePoint Incorporated,<br><br>Plaintiffs,<br><br>v.<br><br>Solar Integrated Roofing Corporation and USA Solar Network LLC,<br><br>Defendants. | No. CV-21-01076-PHX-JAT<br><br>**ORDER** |

**I.     Summary of Issue before the Court**

Pending before the Court is a discovery dispute between the parties. (Doc. 186). At bottom, the issue is that Plaintiffs believe Defendants' ESI search terms are objectionable because the terms produced many responsive documents. More specifically, Plaintiffs agree that 122,607 responsive documents must be produced, but argue that the remaining 287,381 documents are so voluminous as to be objectionable.

Other than these general statements, recounting Plaintiffs' objections to Defendants' ESI search terms defies a simple summary. Search terms were exchanged in July of 2022. On September 26, 2022, Plaintiffs objected to the majority of Defendants' search terms. In January 2023, Plaintiffs made additional objections. Then on March 3, 2023, Plaintiffs made more objections. At some point during these rolling objections, Defendants narrowed their ESI search terms but not to the satisfaction of Plaintiffs. The parties now agree that 28 of Defendants' ESI search terms remain in dispute. (A list of the in-dispute

terms and the number of responsive documents to each of them is at Doc. 186-1 at 4-5). Again, Plaintiffs object to reviewing and (as necessary) producing 287,381 documents that "hit" when the search terms were run.

Defendants seek to have the Court overrule all of Plaintiffs' objections. Defendants argue that Plaintiffs have waived their objections by not timely asserting them, and that their boilerplate objections are legally insufficient and should be rejected for this alternative reason. Finally, Defendants argue that if they do not prevail on either of these procedural objections, all of Plaintiffs objections are not well taken and should be overruled on their merits.

## II. Timeliness

Turning first to the timeliness of Plaintiffs' objections, the parties joint briefing does not lay out an exact chronology of when Plaintiffs first made objections, and the scope of those objections.

The best timeline the Court can put together is that in July of 2022 the parties exchanged search terms (the Court believes this exchange was the result of discovery propounded in April 2022, but that is unclear). (Doc. 186-1 at 3). On September 26, 2022, Plaintiffs made some objections to Defendants' proposed search terms. (*Id*.). On December 21, 2022, the parties "agreed" to run their respective search terms against the data base of documents. (*Id*.). The Court is unclear what "agreed" means in this sentence.

Defendants produced their responsive documents on March 4, 2023. (*Id*.). The Court does not know what agreement between the parties allowed Defendants to respond 8 months after the parties exchanged search terms and over 2 months after the terms were "agreed" to be run. As for Plaintiffs, on January 9, 2023, they sent "additional" objections to their September 26, 2022, objections. (*Id*.). These January-2023 objections were obviously after the December 21, 2022 "agreement". (*Id*.). The Court has not been given an exact copy of Plaintiffs' September 2022 or January 2023 objections. On January 25, 2023, Plaintiffs again "agreed" to run Defendants search terms. (*Id*.). The Court still does

not know what the parties mean by "agreed."[1]

On March 3, 2023, Plaintiffs made another round of objections. (Doc. 186-1 at 4 (the objection is quoted in full in this document)). It is from this March 3, 2023, objection that the Court has summarized the objections discussed below. As stated above, Defendants claim either all or some of Plaintiffs' objections are untimely.

The parties agreed-to ESI protocols (which the Court did not adopt or reject (*see* Doc. 145)) state the following regarding objections to ESI requests, "[the requesting party will]…provide the Disclosing Party with a reasonable opportunity (no less than 14 days) to object to the scope of the request." (Doc. 186-1 at 3). If the Court were asked to rule on these protocols back in July 2022, the Court would have found that the parties' protocols are unmanageable because they do not set a specific timeframe for objections. The Court would have also found that objecting in March of 2023 to search terms that were exchanged in July of 2022 is not "reasonable". But the protocols do not say an objection will be made "in a reasonable time". They say that the responding party will get at least a reasonable time. The parties' poorly crafted protocols defeat Defendants' argument that the objections are untimely.

Moreover, Plaintiffs objected in March of 2023. Defendants responded in March of 2023. If Plaintiffs' objections are sanctionably late, Defendants responses are equally, sanctionably late. Clearly both parties seemed to believe March 2023 "responses" to the outstanding discovery were "reasonable". Accordingly, the Court will not find Plaintiffs' objections to be waived on the basis of timeliness.

### III. Boilerplate Objections

Next, Defendants argue Plaintiffs objections are "boilerplate" and that a boilerplate objection is inadequate to preserve an objection. Legally, Defendants are correct that boilerplate objections do not preserve an objection. *See Blemaster v. Sabo,* No. 2:16-CV-04557 JWS, 2017 WL 4843241, at *4 (D. Ariz. Oct. 25, 2017). Factually, Defendants are correct that Plaintiffs' March-2023 objection, quoted at Doc. 186-1 at 4, as applied to 28

---

[1] To the extent "agreed" merely means "run the search terms in the database," there is no excuse for the parties' delay from July 2022 to December 2022 to complete this step.

- 3 -

1  distinct search terms is a boilerplate objection.  However, at Doc. 186-1 at 4, it states, "*By*
2  *way of example*, Plaintiffs have objected to the search term 'acquisition' on the basis that
3  the term is not relevant to the case." (emphasis added).  This sentence leads the Court to
4  believe Plaintiffs made more particularized objections at some point.  Thus, on this record,
5  the Court cannot conclude that Plaintiffs' objections, which the Court does not have all of,
6  were only boilerplate objections.  Thus, the Court rejects Defendants argument (without
7  prejudice) that all of Plaintiffs' objections were waived for lack of specificity.

**IV.   Objections**

**A.   Proportionality**

Regarding proportionality, the Court agrees that 409,988 responsive documents is voluminous.  However, Plaintiffs chose to bring a wide-ranging lawsuit based on 13 claims for relief, eight of which relate to the remaining Defendants.  The remaining causes of action are sophisticated and include: (1) cause of action ("COA") No. 1, Lanham Act Violation (15 U.S.C. § 1125(a))–SDS against all Defendants; (2) COA No. 2, Misappropriation of Trade Secrets in violation of the Defend Trade Secrets Act, 18 U.S.C. § 1836 et seq. – SDS against all Defendants; (3) COA No. 7, Unfair Competition – SDS against all Defendants; (4) COA No. 8, Violation of Arizona Uniform Trade Secrets Act (A.R.S. § 44-401 et seq.) – Plaintiffs against all Defendants; (5) COA No. 9, Intentional Interference with Contract/Business Expectancy – SDS against all Defendants; (6) COA No. 10, Conversion – SDS against all Defendants; (7) COA No. 11, Unjust Enrichment – Plaintiffs against all Defendants; and, (8) COA No. 12, Copyright Infringement (17 U.S.C. § 501) – Plaintiffs against USASN.  Additionally, Plaintiffs are seeking more than $16 million in damages, plus as-yet-unquantified continuing damages, punitive damages, attorneys' fees, and costs.  The Court finds that the ESI sought is proportional to the case as a whole.

**B.   Unduly Burdensome**

Plaintiff also makes an unduly burdensome objection.  The Court has no doubt that reviewing all of the documents that are "hits" from the search terms will be burdensome,

but the question is whether the burden is undue. In their objection, Plaintiff seems to argue relevance is on a sliding scale; specifically stating that the relevance of these documents is outweighed by the burden of producing the documents.

Plaintiff have admitted on multiple occasions that the ESI discovery was going to be voluminous in this case. (*See* Docs. 108, 144, 150, 155, 177; *see also* 178 (summarizing certain ESI issues)). A voluminous ESI case is always going to be burdensome. This is an unfortunate reality of ESI heavy, high-dollar commercial cases. However, the Court cannot say, given what is at stake, that the burden of document review is so high as to warrant denying Defendants relevant discovery. Thus, given that the Court has found the request to be proportional, and that the parties have known from the beginning of this case that the discovery in this case would be significant (and have represented that knowledge to the Court on multiple occasions) the Court overrules Plaintiffs' undue burden objection.

### C. Overly Broad

Plaintiffs also object arguing that the search terms are overly broad. Specifically, Plaintiffs appear to argue that the search terms are overly broad because they will produce some documents are that not relevant to this case. (*See e.g.*, Doc. 186-1 at 4 ("Plaintiffs have objected to the search term "acquisition" on the basis that the term is not relevant to the case."). The Court has reviewed the 28 search terms at issue and, based on the Court knowledge of this case from the various hearings and prior motion practice, the Court concludes that the terms are relevant to the issues in this case.

However, the fact that a search term is relevant does not eliminate the possibility that it will produce irrelevant documents. Conversely, the fact that a search term will produce irrelevant documents does not mean the term should not be used such that the party seeking discovery will not receive relevant responsive documents merely because the term produced documents that were not relevant. Thus, the issue is what to do with the documents that are responsive to the search term but irrelevant to the case.

Several courts have held that by running a relevant search term, the responding party does not waive relevance objections to the documents responsive to the search term. *See*

*FlowRider Surf, Ltd. v. Pacific Surf Designs, Inc.,* 2016 WL 6522807, at *7-8 (S.D. Cal. Nov. 3, 2016) (overruled on other grounds) (finding that a party did not waive its right to conduct a relevance review by agreeing to run search terms); *BancPass, Inc. v. Highway Toll Admin., LLC*, 2016 WL 4031417, at *3 (W.D. Tex. 2016) (same); *Palmer v. Cognizant Tech. Sols. Corp.*, 2021 WL 3145982, at *9 (C.D. Cal. 2021) ("The Court will not compel defendants to produce any document simply because it contains a search term whether or not it is responsive to the discovery request, or, by extension, whether or not it is relevant and proportional to the needs of the action."); *O'Donnell/Salvatori Inc. v. Microsoft Corp.*, 339 F.R.D. 275, 277 (W.D. Wash. 2021) (same).[2] This Court agrees that agreeing to run search terms does not waive relevance objections to the documents that are responsive to the search terms. Thus, the Court overrules Plaintiffs' relevance objections to the search terms themselves but finds that Plaintiff may nonetheless review all documents that are "hits" on a search term for relevance and withhold irrelevant documents.

## V. Oral Argument

The Court notes that in the joint discovery dispute brief, the parties ask for supplemental briefing and oral argument. As the Court stated in the Rule 16 scheduling order (Doc. 122 at 3), the Court will resolve disputes without either argument or supplemental briefing when possible. Here, the Court did not need either to determine Plaintiffs must respond; therefore, those requests are both denied.

## VI. Attorneys' Fees

### A. For Production of Documents

Plaintiffs argue that if this Court overrules Plaintiffs' objections, Defendants should have to pay Plaintiffs' attorneys fees for this document review. As discussed above, Plaintiffs chose to bring a multimillion-dollar lawsuit involving sophisticated commercial parties, knowing from the outset that discovery would be voluminous. The Court finds no reason why these truths would justify fees shifting; accordingly, Plaintiffs' request for fees

---

[2] *But see Total Safety U.S., Inc. v. Rowland,* No:13-6109, 2014 WL 1691551 *8 (E.D. La April 29, 2014) (finding that the parties' agree-to ESI protocols waived relevance objections if a search term was found in a document).

is denied.

### B. For Bringing Motion to Compel

Defendants seek attorneys' fees for having to bring this discovery dispute before the Court. In their proposed form of Order, Defendants specifically seek fees due to the unreasonableness of Plaintiffs' boilerplate objections. (Doc. 186-1 at 9). For the reasons discussed above, Defendants have not prevailed on that argument; thus, the request for fees on that basis is denied.

However, in Doc. 186 at 4, Defendants more generically ask for attorneys' fees for having to seek the Court's intervention. Thus, the Court is unclear if there are other bases on which Defendants wish to seek fees. As a result, the Court will allow Defendant to file a motion for attorneys' fees within 14 days of this Order. If a motion is filed, it must comply with L.R. Civ. 54.2 and this Court's Scheduling Order. If a motion is filed, it must show both an entitlement to fees and the reasonableness of the fees sought. The response and reply times will be those set by the local rules. The parties are cautioned that seeking fees or responding to fee requests shall not be a basis to extend any deadlines in this case.

## VII. Conclusion

The Court has not set a deadline for Plaintiffs' compliance in the hopes the parties can reach an agreement about production. However, if they cannot, no later than 14 days from the date of this Order, they must raise this issue with the Court via another joint discovery dispute brief. The discovery cut off of April 26, 2023, and the dispositive motion deadline of June 14, 2023, are confirmed.

Based on the foregoing,

**IT IS ORDERED** that Plaintiffs' objections are overruled; Plaintiffs must respond to Defendants' requested discovery as specified above. The joint motion for discovery dispute (Doc. 186) resolution is granted as set forth above.

/ / /

/ / /

/ / /

**IT IS FURTHER ORDERED** that Defendants may move for attorneys' fees as set forth above.

Dated this 21st day of March, 2023.

James A. Teilborg
Senior United States District Judge